OPINION
Susan McCord is appealing the judgment of the Municipal Court of Fairborn, Ohio which granted summary judgment in favor of Wright-Patt Credit Union against Ms. McCord.
In 1984, Ms. McCord entered into a credit card agreement with Wright-Patt Credit Union, Inc. (hereinafter "Wright"). Ms. McCord admits that she entered into this agreement and continues to owe $5,296.84 to Wright. Ms. McCord was injured and fell behind on her credit card payments. On December 13, 2000, Ms. McCord entered into an oral agreement with an employee of Wright in which she agreed to make payments of $200 every two weeks beginning December 29, 2000 until the account was current. At the time of the agreement, the account was $1,384.00 in arrears. Ms. McCord made two payments according to this agreement, on December 31, 2000 and January 12, 2001. Ms. McCord failed to make her $200 payment on January 26, 2001. On February 5, 2001, Ms. McCord attempted to contact Wright with a new proposed payment plan; however Wright did not respond to this plan.
In March of 2001, Wright filed a complaint against Ms. McCord for the $5,296.84 debt, to which Ms. McCord filed an answer. Wright filed a motion for summary judgment with supporting affidavits in May of 2001, to which Ms. McCord failed to respond. The trial court granted summary judgment against Ms. McCord. Ms. McCord filed a motion for relief from the summary judgment decision, which the trial court granted. Ms. McCord then filed a response to Wright's motion for summary judgment. However, the response failed to contain any affidavits or any specific documents listed in Civil Rule 56(C). However, Ms. McCord did attach a credit card statement for the account received in April or May of 2001. This statement listed Ms. McCord's balance on her credit card as zero, her minimum payment as none, and stated that her balance of $5,456.00 had been charged off. The trial court entered summary judgment in favor of Wright.
Ms. McCord again filed a motion for relief from judgment, which the trial court denied. Ms. McCord has filed this appeal from the trial court's decision granting summary judgment and denying her second motion for relief from judgment.
Ms. McCord raises the following as her assignment or error:
 "THE CIRCUIT COURT ERRED IN GRANTING A SUMMARY JUDGMENT * * *, AND DENYING APPELLANT'S PETITION FOR REHEARING AS ISSUES OF MATERIAL FACT REMAIN IN DISPUTE BETWEEN THE PARTIES."
Ms. McCord argues that the trial court erred in granting the motion for summary judgment as a genuine issue of material fact remained on whether she was in default on the loan, who was the current owner of the loan, whether Ms. McCord had the opportunity to repay the loan, and whether Wright and their law firm conspired to deny Ms. McCord the right to repay the loan. We disagree.
"Summary judgment is a procedural device to terminate litigation and to avoid a formal trial where there is nothing to try." Norris v. Ohio Std.Oil Co. (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1. Summary judgment is appropriate where, (1) "there is no genuine issue as to any material fact;" (2) "the moving party is entitled to judgment as a matter of law;" and (3) "reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing (1978),54 Ohio St.2d 64, 66, 8 O.O.3d 73. The moving party has the burden to prove that there is no genuine issue of material fact remaining on the case. Id. When opposing a motion for summary judgment, the party may not rest merely on the allegations or denials of his pleadings. Mitseff v.Wheeler (1988), 38 Ohio St.3d 112,115. Further, a party opposing summary judgment is required by the rules of civil procedure to set forth specific facts to demonstrate a genuine issue of material fact. Harless,supra. at 65-66.
Ms. McCord argues that the account statement she received in approximately May of 2001 demonstrated a genuine issue of material fact as to who was in ownership of the note and whether she was in default on the note. Additionally, Ms. McCord argues that her oral agreement to pay $200 a week was contingent on her return to her previous salary income. She argues that she became unable to pay the biweekly $200 payments when she was delayed in returning to her prior salary. Thus, she argues she was not in default. Further, Ms. McCord alleges that Wright and its law firm conspired to deny her right to repay her debt by refusing to discuss the complaint with her. However, Ms. McCord did not support these allegations in the trial court with an affidavit.
Wright presented an affidavit stating the amount owed by Ms. McCord to Wright and outlining the oral agreement with Ms. McCord regarding the $200 biweekly payments. The affidavit also detailed the two payments made by Ms. McCord pursuant to the agreement and that she has failed to make any payments since January of 2001. Further, the affidavit of the Wright employee stated that due to the account being over 120 days delinquent, the company declined to enter into further arrangements for payment with Ms. McCord. Neither Wright nor its counsel had any obligation to discuss this case with Ms. McCord. Thus, although Ms. McCord may have proposed an additional payment plan in February of 2001, Wright did not agree to this plan. Therefore, Wright is not bound to the plan proposed in February by Ms. McCord.
Moreover, Ms. McCord ceased making payments on the debt, which she admits to owe to Wright, in January of 2001. This was approximately four months before she received the account statement from Wright which showed that she had a zero balance. By the time Ms. McCord received the statement, she had been in default for several months and Wright had already filed this action against her. Additionally, Wright explains that the account statement listing the zero balance was as a result of an accounting principle in which delinquent accounts are charged off at a loss and the statement shows a zero balance. Wright asserts that although it has assigned the debt to a Florida law firm for collection, it has not sold the debt. Further, Ms. McCord admits that she owes $5,296.84 to Wright and has continued to attempt to arrange a payment plan through the pendency of this appeal.
We find that the trial court did not err in granting Wright's motion for summary judgment as no genuine issue of material fact remains to be determined. Ms. McCord's assignment of error is without merit and is overruled. The judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.